UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WALTER LIZARDI,

    Plaintiff,
v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, WALTER LIZARDI ("LIZARDI"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. LIZARDI brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. LIZARDI was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the Commonwealth of

     Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to LIZARDI by LINA.

6. LIZARDI was previously an employee of Massey Services, Inc.

7. LIZARDI was at all times material a plan participant under the Massey Services, Inc. Group Long Term Disability Policy, Policy Number VDT-960646 (the "LTD Plan"), which was issued by LINA, of which Massey Services, Inc. was the Policyholder. It is pursuant to Policy VDT-960646 that LIZARDI is entitled to benefits. A copy of the LTD Plan that was provided by LINA has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was the Plan Administrator or was appointed by the Plan Administrator to act as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, LIZARDI was entitled to LTD

benefits for the duration of his disability, or until age 65, so long as he remained disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is either:
1. unable to perform any or all of the material and substantial duties of his or her Regular Occupation; or
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is either:
1. unable to perform any or all of the material and substantial duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or
2. unable to earn 60% or more of his or her Indexed Earnings.

Disability benefits may be payable to health care practitioners who have tested positive for human immunodeficiency virus and whose ability to perform his or her occupation has been restricted because of action taken by the applicable state licensing board as a result of such positive test, provided that actual loss of income has occurred.

The Insurance Company will require proof of earnings and continued Disability.

13. Since approximately October 17, 2018, LIZARDI has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, LIZARDI made a claim to LINA under the LTD Plan for disability benefits.

15. LINA initially approved benefits and eventually paid benefits for the period of January 15, 2019 through July 15, 2021.

16. By letter dated December 9, 2020, LINA denied LIZARDI's continued claim for benefits beyond January 14, 2021, contending that LIZARDI no longer met the definition of disability in the policy.

17. LIZARDI timely and properly appealed LINA's denial of December 9, 2020.

18. By letter dated November 15, 2021, LINA informed LIZARDI that it was reapproving his claim for LTD benefits for a limited time period with benefits being paid through July

15, 2021. The November 15, 2021 letter also informed LIZARDI that LINA was denying benefits beyond July 15, 2021 and that all administrative remedies had been exhausted.

19. At all relevant times, LIZARDI complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, solely because of Injury or Sickness, LIZARDI has been unable to perform any or all of the material and substantial duties of his Regular Occupation, or unable to earn 80% or more of his Indexed Earnings from working in his Regular Occupation.

21. At all relevant times, solely due to Injury or Sickness, LIZARDI has been unable to perform any or all of the material and substantial duties of any occupation for which he is, or may reasonably become, qualified based on education, training or experience, or unable to earn 80% or more of his Indexed Earnings.

22. At all relevant times, LIZARDI was under the regular care of a doctor.

23. At all relevant times, LIZARDI was a Covered Person under the LTD Plan.

24. From July 16, 2021 through the present day, LIZARDI has not received benefits owed to him under the LTD Plan despite LIZARDI's right to these benefits.

25. LINA has refused to pay LIZARDI's LTD benefits since July 15, 2021.

26. At all relevant times, LINA was the payer of benefits.

27. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, LINA was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan

and for deciding any appeals of denied claims.

29. At all relevant times, LIZARDI was and remained Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

30. LIZARDI has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. LIZARDI incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), LIZARDI, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. LIZARDI has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA's failure to pay his disability benefits.

35. LIZARDI has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to LIZARDI at a time when LINA knew, or should have known, that LIZARDI was entitled to those benefits under the terms of the LTD Plan, as LIZARDI was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in

5

    relation to the applicable facts and LTD Plan provisions, for the termination of LIZARDI's claim for LTD benefits;

    (c) After LIZARDI's claim was terminated in whole or in part, LINA failed to adequately describe to LIZARDI any additional material or information necessary for LIZARDI to perfect his claim, along with an explanation of why such material is or was necessary.

    (d) LINA failed to properly and adequately investigate the merits of LIZARDI's disability claim and failed to provide a full and fair review of LIZARDI's claim.

37. LIZARDI believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which LIZARDI is presently unaware, but which may be discovered in this future litigation and which LIZARDI will immediately make LINA aware of once said acts or omissions are discovered by LIZARDI.

38. Following the termination of benefits under the LTD Plan, LIZARDI exhausted all administrative remedies required under ERISA and LIZARDI has performed all duties and obligations on his part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of LINA, LIZARDI has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding LIZARDI's claim for benefits, LIZARDI, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), LIZARDI is entitled to have such fees and costs paid by LINA.

41. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, LIZARDI is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, WALTER LIZARDI prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. In the alternative to the relief sought in paragraphs 1, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED:  January 4, 2022

                                     ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Telephone: (954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com